1

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**

7                              **DISTRICT OF NEVADA**

8

9    CURTIS GUY,                          )
                                          )
10           Petitioner,                  )        2:11-cv-1809-APG-NJK
                                          )
11   vs.                                  )
                                          )        **ORDER**
12   RENEE BAKER, *et al.*,               )
                                          )
13           Respondents.                 )
                                          )
14   _____/

15

16          In this capital habeas corpus action, there is, before the court, a "Motion to Stay and Abey

17   Federal Action" (ECF No. 56) filed by the petitioner, Curtis Guy.  The court will grant that motion,

18   and stay this action pending the conclusion of Guy's ongoing state-court habeas corpus proceedings.

19          Guy's federal habeas corpus action is brought pursuant to 28 U.S.C. § 2254.  His conviction,

20   of first degree murder with the use of a deadly weapon, and his death sentence, result from events

21   that occurred in North Las Vegas on April 7, 1990.  *See Guy v. State of Nevada,* 108 Nev. 770, 773,

22   839 P.2d 578, 580 (1992) (statement of facts in the Nevada Supreme Court's decision on Guy's

23   direct appeal).

24          Since his conviction, Guy has pursued a direct appeal to the Nevada Supreme Court and

25   post-conviction litigation in state court.  As a result of the state-court litigation, Guy has twice had

26   new sentencing proceedings, with the last sentencing resulting in re-imposition of the death penalty.

Most recently, Guy filed a second state-court habeas petition on May 16, 2012, and that action remains pending in the state district court.  *See* Motion to Stay and Abey Federal Action (ECF No. 56), p. 4.

Guy initiated this federal habeas corpus action, pro se, on November 9, 2011, and counsel was appointed for him (ECF Nos. 1, 5, 10).  With counsel, Guy filed an amended habeas petition (ECF No. 17) on May 16, 2012 (the same day he initiated his second state-court habeas action).

On May 25, 2012, respondents filed a "Motion for Compliance with Scheduling Order" (ECF No. 20), arguing that Guy did not, in the amended petition, provide adequate information regarding the exhaustion of his claims in state court.

On June 8, 2012, Guy's counsel, then the Federal Public Defender for the District of Nevada, filed, under seal, a motion to withdraw (ECF No. 21).  The court granted that motion on July 10, 2012, discharged the Federal Public Defender for the District of Nevada, and appointed the Federal Public Defender for the Central District of California to represent Guy (ECF Nos. 27, 31).

On November 16, 2012, the court denied respondents' Motion for Compliance with Scheduling Order, and ordered respondents to further respond to the amended habeas petition (ECF No. 39).

On January 15, 2013, respondents filed a motion to dismiss (ECF No. 41).  In the motion to dismiss, respondents assert that several of the claims in Guy's amended petition are unexhausted in state court, that certain of his claims are procedurally defaulted, and that one of his claims fails to state a claim upon which relief may be granted.

On March 13, 2013, Guy filed the motion for stay (ECF No. 56) that is now before the court. The court then set a briefing schedule with regard to the motion for stay, and ordered briefing of the motion to dismiss suspended pending resolution of the motion for stay (ECF No. 58).  Respondents filed an opposition to the motion for stay on April 3, 2013 (ECF No. 59), and Guy replied on April 23, 2013 (ECF No. 60).

1    In the motion for stay, Guy requests that the court stay this case pending exhaustion of his

2  unexhausted claims in state court in his ongoing second state-court habeas action.  *See* Motion to

3  Stay and Abey Federal Action, pp. 1-3.

4    A federal court may not grant habeas corpus relief on a claim not exhausted in state court.

5  28 U.S.C. § 2254(b).  The exhaustion doctrine is based on the policy of federal-state comity, and is

6  intended to allow state courts the initial opportunity to correct constitutional deprivations.  *See*

7  *Picard v. Conner*, 404 U.S. 270, 275 (1971).  To exhaust a claim, a petitioner must fairly present the

8  claim to the highest state court, and must give that court the opportunity to address and resolve it.

9  *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Keeney v. Tamayo-Reyes*, 504 U.S. 1,

10  10 (1992).

11    The amended petition in this action is a "mixed petition," meaning it contains both exhausted

12  and unexhausted claims.  *See* Amended Petition for Writ of Habeas Corpus (ECF No. 17), p. 9, ¶7

13  (conceding that certain claims in the amended petition are unexhausted); *see also* Motion to Dismiss

14  (ECF No. 41), pp. 6-20 (contending that several claims in the amended petition are unexhausted).

15    If Guy's mixed amended petition were simply dismissed without prejudice, Guy might face

16  limitations issues when he later attempts to file a new federal petition after completing the

17  exhaustion of his claims in state court.  *See* 28 U.S.C. § 2244(d) (statute of limitations); *Duncan v.*

18  *Walker*, 533 U.S. 167 (2001) (pendency of federal habeas petition does not toll limitations period);

19  *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (regarding "protective petitions").

20    In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court circumscribed

21  the discretion of federal district courts to impose stays to facilitate habeas petitioners' exhaustion of

22  claims in state court.  The *Rhines* Court stated:

23    [S]tay and abeyance should be available only in limited circumstances.  Because
      granting a stay effectively excuses a petitioner's failure to present his claims first to
24    the state courts, stay and abeyance is only appropriate when the district court
      determines there was good cause for the petitioner's failure to exhaust his claims first
25    in state court.  Moreover, even if a petitioner had good cause for that failure, the
      district court would abuse its discretion if it were to grant him a stay when his
26    unexhausted claims are plainly meritless.  *Cf*. 28 U.S.C. § 2254(b)(2) ("An application

3

for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

\* \* \*

[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Rhines*, 544 U.S. at 277-78.

*Rhines* does not state, or suggest, that every unexhausted claim in the petition must satisfy, individually, the "good cause" and "potentially meritorious" requirements before a stay is permitted. If a stay is warranted with respect to any single claim, the court need not conduct a claim-by-claim analysis regarding the remaining claims.

In Claim 3 of Guy's amended petition, he asserts that his death sentence is in violation of the constitution because his trial counsel was ineffective in the pretrial, trial, and penalty phases of his case.  Amended Petition for Writ of Habeas Corpus (ECF No. 17), p. 19.  Claim 3 includes several subclaims, and Guy concedes that "at least five subclaims" are based on previously unexhausted facts.  Motion to Stay and Abey Federal Action, p. 11.

In his motion for stay, Guy asserts that his counsel in his first state-court habeas action was also ineffective, in that she "failed to not only investigate the claims that she did bring, such as ineffective assistance of trial counsel and direct appeal counsel, but also failed to raise meritorious claims of ineffective assistance of counsel regarding mental health and mitigation evidence, prosecutorial misconduct and jury bias."  *Id*. at 10.  Guy asserts further:  "Because of post-conviction counsel's failure to investigate, discover, and present these claims and their supporting evidence, these claims and facts have been raised for the first time in the 2012 state habeas petition." *Id*.  Guy claims that the failures of post-conviction counsel were "due to, *inter alia*, a break down in her relationship with her investigative staff; her failure to timely process investigative staff's payment requests; her dilatory actions and neglect of her obligations to her client; her frequently

4

1    citing to illness to excuse failures to timely file numerous briefs in numerous cases; her disregard of

2    her duty to serve her client; and/or breach of loyalty to him." *Id*. at 10-11.  Guy continues:

3    "Regardless of the reasons why, the failure to develop and present such claims and evidence is the

4    result of ineffective assistance of Mr. Guy's state post-conviction counsel." *Id*. at 11.  Guy argues,

5    therefore, that the alleged ineffectiveness of his counsel in his first state-court habeas action

6    constitutes good cause for his failure to exhaust parts of the claim that is Claim 3 of his amended

7    petition, as well as other claims in his amended petition.

8             In *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), the Supreme Court held that "[w]here, under

9    state law, claims of ineffective assistance of trial counsel must be raised in an initial-review

10   collateral proceeding, a procedural default will not bar a federal habeas court from hearing a

11   substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there

12   was no counsel or counsel in that proceeding was ineffective." *Martinez*, 132 S.Ct. at 1320.  While

13   the *Martinez* decision did not deal directly with the issue of good cause for a failure to exhaust, its

14   holding, with respect to the issue of good cause for a procedural default, concerns a similar issue,

15   and is analogous and instructive.

16            The *Rhines* opinion does not describe in detail what constitutes good cause for failure to

17   exhaust, and the Ninth Circuit has provided no clear guidance on that question, beyond holding that

18   the test is less stringent than an "extraordinary circumstances" standard.  *See Jackson v. Roe,* 425

19   F.3d 654, 661-62 (9th Cir. 2005) (citing *NLRB v. Zeno Table Co.*, 610 F.2d 567, 569 (9th Cir.

20   1979)).  Many district courts have concluded that the standard is more generous than the good-cause

21   showing needed to excuse a procedural default.  *See*, *e.g.*, *Rhines v. Weber*, 408 F.Supp.2d 844, 849

22   (D.S.D. 2005) (applying the Supreme Court's mandate on remand).  This view finds support in the

23   Supreme Court's opinion in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), where the Court

24   acknowledged that a petitioner's "reasonable confusion" about the timeliness of his federal petition

25   would generally constitute good cause for his failure to exhaust state remedies before filing his

26   federal petition.  *Pace*, 544 U.S. at 416-17.  In light of this precedent, and especially in light of

*Martinez*, the court concludes that ineffective assistance of counsel in initial-review collateral proceedings, in failing to raise a substantial claim of ineffective assistance of counsel at trial, may establish cause for the failure to exhaust that claim.

Applying this principle in this case, the court notes that in Nevada a claim of ineffective assistance of trial counsel generally must be made, in the first instance, in a first state habeas action. *See Corbin v. State,* 111 Nev. 378, 381, 892 P.2d 580, 582 (1995) ("[T]his court has consistently concluded that it will not entertain claims of ineffective assistance of counsel on direct appeal."). Further, the court agrees with Guy that, in light of *Martinez*, and the other caselaw cited above, he has shown good cause under *Rhines* for his failure to exhaust all the facts alleged in support of the substantial ineffective assistance of counsel claims set forth in Claim 3 of his amended petition. The court finds that Claim 3 is at least potentially meritorious.  And, there is no indication that Guy has ever engaged in intentionally dilatory litigation tactics.  Therefore, the requirements for a stay of this action pending exhaustion of Guy's claims in state court, as set forth in *Rhines*, are satisfied.

The court will grant Guy's motion for stay and abeyance, and stay this action.  In exercising its discretion to grant the stay, the court takes into account the effect of *Crump v. Warden*, 113 Nev. 292, 934 P.2d 247 (1997), under which, it appears, there is at least a possibility that the Nevada courts may consider, on their merits, Guy's unexhausted claims, including the unexhausted claims set forth in Claim 3 of his amended petition.

The court's intention is that this will be the last time that the court imposes a stay to facilitate Guy's exhaustion of claims in state court.  Guy must exhaust *all* of his unexhausted claims in state court during the stay imposed pursuant to this order.

The stay of this action, while Guy completes his second state-court habeas action, renders moot much of the argument for dismissal in respondents' motion to dismiss; the court will, therefore, deny the motion to dismiss as moot, without prejudice to the respondents raising any of the same arguments for dismissal again, at an appropriate time, after the stay is lifted.

1    **IT IS THEREFORE ORDERED** that petitioner's Motion to Stay and Abey Federal Action

2    (ECF No. 56) is **GRANTED**.  This action is **STAYED** to allow petitioner to exhaust, in state court,

3    all his unexhausted claims for habeas corpus relief.

4    **IT IS FURTHER ORDERED** that respondents' motion to dismiss (ECF No. 41) is

5    **DENIED**, as moot.

6    **IT IS FURTHER ORDERED** that, on or before **December 15, 2013**, petitioner shall file

7    and serve a status report, describing the status of his state-court proceedings.  Thereafter, during

8    the stay of this action, petitioner shall file such a status report every 6 months (on or before

9    June 15, 2014; December 15, 2014; etc.).  Respondents may, if necessary, file and serve a response

10   to any such status report within 15 days after its service.  If necessary, petitioner may reply within

11   15 days of service of the response.

12   **IT IS FURTHER ORDERED** that, following the conclusion of petitioner's state court

13   proceedings, petitioner shall, within **30 days**, make a motion to lift the stay.

14   **IT IS FURTHER ORDERED** that this action shall be subject to dismissal upon a motion

15   by respondents if petitioner does not comply with the time limits in this order, or if he otherwise

16   fails to proceed with diligence during the stay imposed pursuant to this order.

17

18   Dated this 22nd day of  July  2013.

19

20                                                _____

21                                                UNITED STATES DISTRICT JUDGE

22

23

24

25

26

7