# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CURTIS GUY,

    Petitioner,

v.

WILLIAM GITTERE, *et al.*,

    Respondents

Case No.: 2:11-cv-1809-APG-NJK

**ORDER**

This habeas corpus action, brought by Nevada prisoner Curtis Guy, was stayed on July 22, 2013 pending the conclusion of Guy's state-court habeas corpus proceedings. *See* Order entered July 22, 2013 (ECF No. 63). On September 10, 2018, Guy filed a status report, stating:

> On November 14, 2017, after briefing and oral argument, the Nevada Supreme Court filed an order affirming in part and reversing in part the lower court's decision in this case, and remanded the matter to the district court for proceedings consistent with its order. The remittitur issued December 12, 2017 pursuant to Nevada Rules of Appellate Procedure, Rule 41.
>
> On August 1, 2018, the Clark County District Court entered in a stipulation by the parties agreeing to waive the separate penalty hearing and that Mr. Guy should receive a sentence of life with the possibility of parole beginning after ten years consecutive to a sentence of life with the possibility of parole beginning after ten years. The amended judgment was filed on August 10, 2018. Mr. Guy hereby notifies the Court that his state court proceedings are now final. *See*, *e.g.*, *Rosales v. Byrne*, No. 3:16-cv-00003-RCJ-WGC, 2018 U.S. Dist. LEXIS 52088, at *4 (D. Nev. Mar. 27, 2018) ("If the judgment is not appealed, then it becomes final thirty days after entry, when the time to appeal to the Nevada Supreme Court has expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 132 S. Ct. 641, 653-54, 181 L. Ed. 2d 619 (2012). *See also* Nev. R. App. P. 4(b), 26(a).").
>
> Accordingly, Mr. Guy intends to file an amended federal habeas petition by September 10, 2019, within one year from the conclusion of his state habeas proceedings. *Magwood v. Patterson*, 561 U.S. 320, 341-42 (2010) (holding that when a defendant is resentenced, he has received a new judgment that renders a new, numerically second petition not "second or successive" because it is the first petition challenging the new judgment); *Berman v. United States*, 302 U.S. 211, 212 (1937) ("Final judgment in a criminal case means sentence. The sentence is the judgment."); *see Burton v. Stewart*, 549 U.S. 147, 156 (2007) (same); *Smith v. Williams*, 871 F.3d 684, 689 (9th Cir. 2017) (amended judgment starts "a new one-year statute of limitations"); *Wentzell v. Neven*, 674 F.3d 1124 (9th Cir. 2012) (habeas petition challenging new or intervening judgment not second or

successive petition even where the intervening judgment left in place an earlier challenged conviction and sentence).

Status Report (ECF No. 80), pp. 2-3.

Therefore, on October 11, 2018, I ordered the stay of this action lifted, and directed the parties to file briefs stating their positions with respect to further proceedings in this case. *See* Order entered October 11, 2018 (ECF No. 81). Guy filed a on October 26, 2018 (ECF No. 82) the Respondents filed a response on November 13, 2018 (ECF No. 83), and Guy filed a reply on November 20, 2018 (ECF No. 84).

Guy argues that, because he is now in custody on an amended judgment, which was filed August 10, 2018, the limitation period relative to this case will not expire until September 10, 2019. For the purpose of analysis, in this order only, I accept Guy's position in that regard. I do not in this order, however, make any finding or ruling about when the limitation period has expired or will expire.

Guy argues that, because the statutory limitation period will not expire until September 10, 2019, he should be allowed until that date to amend his petition in this case. Respondents, on the other hand, point out that the court has not granted Guy leave to amend his petition, that the court has considerable discretion regarding scheduling, and that the operation of the statute of limitations does not control whether Guy may amend his petition.

I will, *sua sponte*, grant Guy leave to file a second amended petition in this action. There is good cause for Guy to amend his petition, to reflect further developments since the stay of this case was imposed in 2013.

Turning to the question of the deadline for Guy to amend his petition, Guy does not cite any authority that the limitation period controls the amount of time I grant him to file a second amended petition. And most importantly, Guy does not offer any reason why he needs anywhere

2

near a year to amend his petition. Presumably, all claims Guy will include in his amended petition are exhausted in state court. Guy does not suggest otherwise. There is no indication that Guy's amended petition will include any challenge to his newly imposed sentence. And with respect to claims related to the question of Guy's guilt or innocence, Guy has spent over 27 years litigating this action, a direct appeal, and two rounds of state-court habeas cases in which claims related to his guilt or innocence have been investigated, pleaded, and addressed. The amendment of Guy's petition should not be a complex undertaking, and certainly should not take a year. Notably, Guy's counsel states that it is not in Guy's interest to delay the progress of this action. *See* Reply Memorandum (ECF No. 84), p. 3.

I will grant Guy 90 days to amend his petition, and I will not look favorably upon any motion to further extend that deadline.

IT IS THEREFORE ORDERED that the Petitioner is granted leave to file a second amended petition for writ of habeas corpus within 90 days from the date of this order.

IT IS FURTHER ORDERED that, after the Petitioner files his amended habeas petition, the following schedule will apply to further proceedings in this action:

1. Response to Amended Petition: The Respondents will have 90 days following service of the amended petition to file and serve an answer or other response to the amended petition.

2. Reply and Response to Reply: The Petitioner will have 60 days following service of an answer to file and serve a reply. The Respondents will thereafter have 45 days following service of a reply to file and serve a response to the reply.

3. Briefing of Motion to Dismiss: If the Respondents file a motion to dismiss, the Petitioner will have 60 days following service of the motion to file and serve an opposition. The Respondents will thereafter have 30 days to file and serve a reply.

4. Discovery: If the Petitioner wishes to conduct discovery, he must file and serve a motion for permission concurrently with, but separate from, the response to the Respondents' motion to dismiss or the reply to the Respondents' answer. Any motion for discovery filed by the Petitioner before that time may be considered premature and denied without prejudice on that basis. The Respondents will file and serve a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to the Petitioner's reply. Thereafter, the Petitioner will have 30 days to file and serve a reply in support of the motion for discovery.

5. Evidentiary Hearing: If the Petitioner wishes to request an evidentiary hearing, he must file and serve a motion for that concurrently with, but separate from, the response to the Respondents' motion to dismiss or the reply to the Respondents' answer. Any motion for an evidentiary hearing filed by the Petitioner before that time may be considered premature and denied without prejudice on that basis. The motion for an evidentiary hearing must specifically address why an evidentiary hearing is required and must meet the requirements of 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court and, if so, where the transcript is filed in this case. If the Petitioner files a motion for an evidentiary hearing, the Respondents will file and serve a response concurrently with, but separate from, their reply in support of their motion to dismiss or their response to the Petitioner's reply.

/ / / /

Thereafter, the Petitioner will have 30 days to file and serve a reply in support of the motion for an evidentiary hearing.

Dated: November 26, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE