# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CURTIS GUY,

         Petitioner,

v.

WILLIAM GITTERE, *et al.*,

         Respondents.

Case No.: 2:11-cv-01809-APG-NJK

**ORDER**

(ECF Nos. 105, 115, 116)

In this capital habeas corpus action, the respondents have filed a motion to dismiss (ECF No. 105). Petitioner Curtis Guy, represented by appointed counsel, has filed an opposition to that motion (ECF No. 111), and he has also filed motions for leave to conduct discovery (ECF No. 115) and for an evidentiary hearing (ECF No. 116).

The respondents argue in their motion to dismiss that several of the claims in Guy's second amended habeas petition (Grounds 1, 2.A, 2.B, 2.D, 2.E.1, 2.F.13, 3.A, 3.B, 3.C, 3.D, 3.F, 3.H, 3.I.2, 3.I.3, 3.K, 4, 5, 6, 7, 8, 9, and 10) are subject to dismissal under the procedural default doctrine, and that part of one of his claims (Ground 9) is not cognizable in this federal habeas corpus action. Guy responds that his claims were not procedurally barred in state court; that the Supreme Court of Nevada did not clearly and expressly rest its dismissal of his claims in his second state habeas action on procedural bars; that the procedural bars in question were not independent of federal law and adequate to support application of the procedural default doctrine; that applying the procedural default doctrine with respect to Ground 1 would result in a fundamental miscarriage of justice because he is innocent of felony-murder; that he can demonstrate cause and prejudice to overcome the procedural defaults of Grounds 2A, 2B, 2D, 2E1, 2F13, 3 and 7 by showing that he was abandoned by his state post-conviction counsel and

by showing ineffective assistance of his appellate and state post-conviction counsel; that he can demonstrate cause and prejudice to overcome the procedural default of Ground 4 by showing that the State improperly withheld evidence; and that the part of Ground 9 in question is cognizable.

The issues raised by the motion to dismiss are interwoven with the merits of Guy's claims. Those issues will be better resolved in conjunction with the merits of Guy's claims, after the respondents file their answer and Guy files a reply. I will therefore deny the respondents' motion to dismiss, without prejudice to the respondents asserting the same defenses—procedural default and cognizability of claims—in their answer. I will also deny Guy's motions for leave to conduct discovery and for an evidentiary hearing, without prejudice to Guy making such motions in conjunction with his reply to the respondents' answer, as contemplated in the scheduling order in this case (ECF No. 85).

I THEREFORE ORDER that the respondents' Motion to Dismiss **(ECF No. 105) is DENIED** without prejudice to the respondents asserting their procedural default and cognizability of claims defenses in their answer.

I FURTHER ORDER that the petitioner's Motion for Discovery and Motion for Evidentiary Hearing **(ECF Nos. 115, 116) are DENIED** without prejudice to the petitioner making such motions in conjunction with his reply to the respondents' answer, as contemplated in the scheduling order (ECF No. 85).

/ / / /

/ / / /

/ / / /

/ / / /

I FURTHER ORDER that the respondents will have until **May 14, 2021** to file an answer. In all other respects, the schedule for further proceedings set forth in the order entered November 26, 2018 (ECF No. 85) will remain in effect.

Dated: January 15, 202.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE